UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-cv-23479

KAREN JARQUINN,

    Plaintiff,

v.

NAFTALI, INC. and
YOSEF NAFTALI,

    Defendants.
_____/

**DEFENDANTS, NAFTALI, INC and YOSEF NATALI'S MOTION TO DISMISS AMENDED COMPLAINT AND/OR TO STRIKE PUNITIVE DAMAGE CLAIM**

Defendant, Naftali Inc. and Yosef Natali ("Defendants"), by and through undersigned counsel, and pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, respectfully moves for an order dismissing Plaintiff's, KAREN JARQUINN'S, ("Plaintiff") claims (Counts I, II, III, and IV), and/or alternatively, to strike the claim for punitive damages pursuant to 12(b)(6) and/or 12(f), Federal Rules of Civil Procedure, and as grounds thereof, states as follows:

**FACTS**

Plaintiff filed a complaint against defendant Naftali Inc. alleging a violation of the Florida Civil Rights Act (FCRA). DE 1-2. Plaintiff alleged National Origin Discrimination and a Violation of the Fair Labor Standards Act. Defendants filed a motion to dismiss because plaintiff's complaint was deficient. DE 7. Particularly, plaintiff failed to allege essential facts necessary to prove that defendants discriminated against plaintiff since she was Hispanic and did not allege essential facts establishing coverage under the Fair Labor Standards Act (FLSA). Plaintiff amended her complaint. DE 8. In her amended complaint, plaintiff includes a claim for religious

1

discrimination. However, plaintiff's amended complaint again fails to state a claim for discrimination or a violation of the FLSA. The facts alleged are as follows:

Plaintiff alleges that she was terminated because she was Hispanic and that Jewish employees were treated more favorably than her. DE 8 ¶ 13, 14. The only fact plaintiff alleges to support such a statement is that defendants "keep all non-Jewish employees outside of the office, including Plaintiff and other Hispanic workers," and that she was replaced with someone who was Jewish. *Id.* ¶ 13. Plaintiff alleges National Origin and Religious Discrimination against Naftali Inc. In a conclusory fashion, plaintiff alleges the unlawful discriminatory actions by the defendant and its agents were intentional, willful, malicious, and with gross disregard for the plaintiff's rights. DE 8, ¶¶ 20, 24. No other allegations were raised concerning this conclusion. Plaintiff has requested punitive damages against defendant Naftali Inc. DE 8, pp. 4, 5.

Plaintiff further alleges a claim for unpaid overtime pursuant to the FLSA against Naftali Inc. and Yosef Natali. Plaintiff attempts to allege individual and enterprise coverage. DE 8, ¶¶ 27-30.

### **STANDARD MOTION TO DISMISS**

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.,* 29 F.3d 1480, 1483 (11th Cir.1994). Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1185 (11th Cir.2003). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929. While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates

a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* At 1959, 1965; *see also Davis v. Coca–Cola Bottling Co. Consol.,* 516 F.3d 955, 974, n. 43 (11th Cir.2008) (noting the abrogation of the "no set of facts" standard and holding *Twombly* as a further articulation of the standard by which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Ashcroft v. Iqbal,* ––– U.S. ––––, ––––, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

## ARGUMENT

**1. Plaintiff's FCRA claim alleging National Origin Discrimination against Naftali Inc. should be dismissed.**

Title VII prohibits employers from engaging in practices that discriminate on the basis of national origin. 42 U.S.C. § 2000e-2(a)(1). Under the framework established by *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), to state a claim Plaintiff must allege that he is a qualified member of a protected class who was subjected to an adverse employment action in contrast to similarly situated employees outside the protected class. *Alvarez v. Royal Atlantic Developers, Inc.,* 610 F.3d 1253, 1264 (11th Cir.2010).

Although "[a] complaint in an employment discrimination case need not contain specific facts establishing a *prima facie* case under the evidentiary framework for such cases to survive a motion to dismiss [,] complaints alleging discrimination still must meet the 'plausibility standard" of *Twombly* and *Iqbal*." *Henderson v. JP Morgan Chase Bank, N.A.*, 436 Fed.Appx. 935, 937 (11th Cir. 2011) (internal citation omitted). A plaintiff may meet this standard by alleging facts showing that similarly-situated employees outside of the protected class were treated more favorably with respect to an employment decision. *Cf. id.* (citing *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1289

3

(11th Cir. 2003) ). "In order to make a valid comparison, the plaintiff must show that he and the comparators are similarly situated in all relevant respects." *Connor v. Bell Microproducts-Future Tech, Inc.*, 492 Fed.Appx. 963, 965 (11th Cir. 2012). "The comparator must be nearly identical to the plaintiff in order to prevent courts from second-guessing an employer's reasonable decisions." *Id.*

The national origin claim should be dismissed since plaintiff fails to allege that she was replaced by a person with a different national origin, or that she was treated differently than those with different national origins. The term "national origin" in Title VII, on its face, refers to the country where a person was born or, more broadly, the country from which his or her ancestors came. *Espinoza v. Farah Mfg. Co., Inc.*, 414 U.S. 86, 94 S. Ct. 334, 38 L. Ed. 2d 287 (1973). Discrimination based upon Judaism is not national origin discrimination based on a person's place of origin because Jewish person come from a variety of countries. *Lapine v. Edward Marshall Boehm, Inc*., 1990 WL 139055 (N.D. Ill. 1990).

In *Lapine,* the plaintiff, a Jewish woman, sued her former employer under Title VII for employment discrimination. The plaintiff alleged that the employer terminated her because she was Jewish. *Id.* at * 1. The plaintiff asserted discrimination claims based on religion and national origin. *Id.* The employer moved to dismiss the national origin claim under Rule 12(b)(6) on the grounds that Judaism is a not a basis for national origin discrimination claim. *Id.*

In that case, the court stated, "Plaintiff can point to no authority for the proposition that the characteristic of being 'Jewish' indicates national origin." *Id.* at *5. The court acknowledged that Judaism is indisputably a religion and has been held to constitute a race as well. *Id., citing Shaare Tefila Congregation v. Cobb,* 481 U.S. 615 (1987). But being Jewish gives no indication of an individual's country of origin "[n]or does it indicate the country of origin of one's ancestors or

suggest the physical or cultural characteristics of a national origin group." *Id.* "Indeed, Jews, like Catholics and Protestants, hail from a variety of different countries." *Id.* Applying the standards for national origin laid out in *Espinoza v. Farah Mfg. Co.,* 414 U.S. 86 (1973), the court found that the plaintiff had failed to state a claim for national origin discrimination.

In *Colon v. Secretary, Dept of Homeland Sec.*, 2013 WL 1233096 (M.D. Fla. Mar 1, 2013), the court dismissed the national origin claim because there were no allegations that plaintiff suffered disparate treatment because of his national origin or that the individuals who received promotions were of different national origins.  In *Saud v. California*, 2015 WL 4393913 (E.D. Cal July 15, 2015), the court dismissed the national origin discrimination claim since plaintiff did not allege that the more favorably treated employees' national origin was different from plaintiff's national origin.  Likewise, in *Carr v. New Jersey*, 2010 WL 2539782 (D NJ. June 17, 2010), the court dismissed the national origin claim because the plaintiff failed to identify the national origin of the candidate that was ultimately selected for the position he sought.  The court went on to state that, "without any kind of showing that Stanecki's national origin was different from Plaintiff's, there is no claim and Ijoma's continent of birth is immaterial."

The above cases are substantially similar to this case.  Here, plaintiff is trying to manufacture a national origin claim by claiming she was terminated because she was Hispanic and replaced with someone who is Jewish.  This does not qualify as "National Origin" Discrimination since Jewish is a religion rather than a National Origin.  In this case, plaintiff has not alleged that the selected Jewish worker's national origin is different from plaintiff's national origin. Moreover, plaintiff's statement that Hispanics are required to work outside the office does not appear to support a claim for national origin discrimination.  Accordingly, plaintiff's national origin claim should be dismissed.

### 2. Plaintiff's FCRA claim alleging Religious Discrimination against Naftali Inc. should be dismissed.

Likewise, plaintiff is unable to allege a claim for religious discrimination. Religious discrimination requires proof of the same elements as national origin discrimination. To establish a *prima facie* case of .. religious discrimination, a plaintiff must establish four elements: (1) she was a member of a protected class; (2) she was subject to an adverse employment action; (3) she was qualified to do her job; and (4) her employer treated similarly situated employees outside of her class more favorably. *Coar v. Pemco Aeroplex, Inc.,* 372 Fed. App'x. 1, 3 (11th Cir. 2010).

At this stage of the proceedings, plaintiff need not plead each element of the *McDonnell Douglas* prima facie case. *Davis v. Coca–Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) ("[A] plaintiff need not satisfy the McDonnell Douglas framework at the pleading stage in order to state a claim for disparate treatment ...."). Nonetheless, "complaints alleging discrimination still must meet the 'plausibility standard' of *Twombly* and *Iqbal*." See *Henderson v. JP Morgan Chase Bank*, 436 Fed.Appx. 935, 937 (11th Cir. 2011). This standard requires well-plead factual allegations that are more than " 'merely consistent with a defendant's liability,' " and raise " 'more than a sheer possibility that a defendant has acted unlawfully.' " *Bowers v. Bd. of Regents of Univ. Sys. Of Ga.*, 509 Fed.Appx. 906, 910 (11th Cir. 2013).

To survive a motion to dismiss, the plaintiff must allege facts sufficient to support a reasonable inference that the defendant engaged in religious discrimination against the plaintiff. See *Henderson*, 436 Fed.Appx. at 937. One way to meet this standard is by "alleging facts showing that similarly-situated [individuals] outside [the plaintiff's religious] class were" treated more favorably. *Id.*

Plaintiff's claim fails for religious discrimination fails because she does not identify her religious beliefs that resulted in discrimination. She only alleges that she was replaced by someone

who was Jewish.  Hispanic is not a religion but rather a nationality.  *Morrison v. Garraghty,* 239 F.3d 648, 658 (4th Cir.2001).  The term Hispanic refers to persons of Spanish heritage and persons of Spanish origin.  *Garza v. County of Los Angeles, Cal*, 756 F. Supp. 1298, footnote 1 (CD Cal 1990); *Shield Club v. City of Cleveland*, 647 F. Supp 274, Footnote 13 (N.D Ohio July 15, 1986).  The term Hispanic is customarily defined as "of, or derived from Spain or the Spanish." *Bennun v. Rutgers State Univ.,* 941 F.2d 154, 173 (3rd Cir. 1991), *reh en bane denied,* 941 F.2d 154: *cert. denied,* 502 U.S. 1066 (1992).  Thus, plaintiff fails to allege that she was replaced by someone outside her protected class on religious grounds.

>    **3.     The claim for punitive damages should be dismissed.**

The Complaint does not support a claim for punitive damages under the FCRA. Under settled law, the FCRA is to be construed similarly to its federal counterpart, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. See, *Morrow v. Duval County School Board*, 514 So,2d 1086, 1087 (Fla. 1987).  Punitive damages are available under Title VII, and by corollary, the FCRA, where the plaintiff shows that the defendant "engaged in ... discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." *Kolstad v. American Dental Ass'n*, 119 S.Ct. 2118, 2125 (1999).  "More is required to meet this standard than mere conclusory statements that defendant acted intentionally and with malice."  *Jozwiak v. Walt Disney Imagineering, Walt Disney Imagineering Research & Development, Inc., Walt Disney World Co.,* Case No. 6:03-cv-696 (M.D. Fla. Sept. 4, 2003) (striking FCRA punitive damages claim in plaintiff's complaint) (a true and correct copy of the Order is attached for the Court's reference as Exhibit "A").

Here, plaintiff's allegations in his amended complaint do not even remotely demonstrate that Naftali Inc. acted with "malice or reckless disregard" in perpetrating the alleged

discrimination. Indeed, plaintiff makes only a conclusory allegation that Naftali Inc. acted with such level of intent, without alleging any facts supporting or creating such an inference. Clearly, plaintiff has failed to meet these standards. Accordingly, this Court should dismiss and/or strike plaintiff's claim for punitive damages under the FCRA.

> 4. **The FLSA claim(s) against Naftali Inc, and Yosef Natali should be dismissed for failure to allege sufficient facts.**

The Fair Labor Standards Act "requires employers who meet its preconditions to pay workers a minimum wage and to provide overtime pay where workers exceed forty hours per week." *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010). The FLSA is triggered when either the employer falls under the FLSA's enterprise coverage provision or a particular employee falls under the FLSA's individual coverage provision. *Id*. In this instance, the Court should dismiss plaintiff's Complaint because plaintiff has not sufficiently pleaded either theory of coverage.

> a. **Plaintiff fails to plead individual coverage against Defendants.**

For individual coverage to apply, the particular employee in question must be directly participating in the actual movement of persons or things in interstate commerce by 1) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or 2) by regularly using the instrumentalities of interstate commerce in his work, e.g., "regular and recurrent use of interstate telephone, telegraph, mails, or travel." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315-16 (11th Cir. 2011). With regard to individual coverage, the "Supreme Court has articulated that it is the intent of Congress to regulate only activities constituting interstate commerce, not activities merely affecting commerce." *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (emphasis added) (citing *McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943)). Put another way, "an employee may claim

'individual coverage' if he regularly and directly participates in the actual movement of things or persons in interstate commerce." *Ceant v. Aventura Limo. & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1376 (S.D. Fla. 2012). In *Ceant*, 874 F. Supp. 2d at 1378, the district court explained that, at a bare minimum, in order to establish the existence of individual coverage a plaintiff must "state the nature" of the plaintiff's work and "must provide only straightforward allegations connecting that work to interstate commerce." *Ceant v. Aventura Limo. & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1378 (S.D. Fla. 2012); See also, *Kitchings v. Fla. United Methodist Children's Home, Inc.*, 393 F. Supp. 2d 1282, 1293 n.26 (M.D. Fla. 2005) ("For an employee to be engaged in commerce, 'a substantial part of the employee's work must be related to interstate commerce.'") (emphasis added) (quoting *Boekemeier v. Fourth Universalist Soc'y in City of N.Y*, 86 F. Supp. 2d 280, 287 (S.D.N.Y. 2000)).

In this case, defendants have scoured plaintiff's Complaint and found no allegation regarding the plaintiff's work which would satisfy the pleading requirements for individual coverage against defendants. There are no allegations in these paragraphs in which plaintiff alleges anything that could, with ill-fitting inferences, even be construed as vaguely relating to individual coverage against defendants. Plaintiff does not even describe the nature of Naftali Inc's business, or the nature of her duties or responsibilities other than she was an Assistant Manager. In other words, plaintiff fails to allege she engaged in interstate commerce, or in the production of goods, let alone allege sufficient facts about how she actually participated in the movement of persons or things in interstate commerce. The Court should therefore dismiss plaintiff's Complaint to the extent she relies on individual coverage. *See Ceant*, 874 F. Supp. 2d at 1376 (dismissing individual coverage claim based on similar allegation because Plaintiff

did not connect his work to interstate commerce); *Perez* v. *Muab, Inc*., 2011 WL 845818, at *3 (Cohn, J.) (dismissing individual coverage claim containing only barebones allegations).

### b. Plaintiff fails to plead enterprise coverage against Defendants.

This Court should also dismiss the complaint to the extent plaintiff relies upon enterprise coverage to confer jurisdiction. Not all enterprises are covered by the FLSA. Plaintiff has failed to plead adequately in her Complaint that Naftali Inc. is a covered enterprise. A covered enterprise is one that: (1) has employees engaged in commerce or the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) has at least $500,000.00 of annually gross volume of sales or business done. *Polycarpe*, 616 F.3d at 1220 (citing 29 U.S.C. § 203(s)(1)(A)).

In her Complaint, plaintiff alleges not a single fact connecting any employee's work or Naftali's business to interstate commerce in the allegations against defendants. Plaintiff only alleges that Naftali's derives revenues in excess of $500,000 and it engaged in commerce. As Judge Cohn noted in *Mullins v. Posh Potties, LLC*, No. 13-80834-CIV, 2013 WL 5728105, at *3 (S.D. Fla. Oct. 22, 2013), *Twobly* and *Iqbal* require at least some facts establishing that an employer's business involves interstate commerce. In that case, Plaintiff alleged, "Defendants employed employees who regularly were and are engaged in commerce or the production of goods for commerce, with Defendant having annual gross volume of sales or business done of not less than $500,000 within the meaning of ... the FLSA." DE 1 ¶ 10. Judge Cohn held "this bare-bones legal conclusion merely tracks the legal prerequisites for enterprise coverage, unsupported by any factual allegations regarding the nature of Defendants' business, and is thus deficient."

Here, plaintiff pleads no such facts the claims against these defendants. Similar to *Mullins*, Plaintiff's allegations are deficient. Plaintiff alleges, "That at all times material hereto, Plaintiff was 'engaged in commerce' within the meaning of the FLSA." DE 8, ¶ 8. "Defendants have been at all times material engaged in interstate commerce, and Defendants' annual gross revenues derived from this interstate commerce, upon information and belief, are in excess of $500,000.00 for the relevant time period." *Id*. ¶ 9. In fact, plaintiff does not even describe the nature of Naftali's business at any place in the complaint. The court should therefore dismiss Plaintiff's Complaint to the extent she relies on enterprise coverage.

## CONCLUSION

Based upon the foregoing, defendant Naftali Inc. and Yosef Natali respectfully requests that this Court grant Defendants' Motion to Dismiss Amended Complaint and claim for punitive damages with prejudice.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of defendant Naftali, Inc. and Yosef Natali's motion to dismiss amended complaint and/or strike the claim for punitive damages was filed with the clerk of court via the CM/ECF system this 9th day of September, 2019.

>  SOLNICK LAW P.A.
>  17501 Biscayne Boulevard, Suite 420
>  Aventura, FL 33160
>  Tel: 305-629-6530
>  Email: pete@solnicklaw.com
>
>  /s/ *Peter J. Solnick*
>  By: _____
>  Peter J. Solnick, Esq./Fla. Bar. 670006