UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-23479-GAYLES

KAREN JARQUINN,

        **Plaintiff,**

v.

NAFTALI, INC., and
YOSEF NAFTALI,

        **Defendants.**
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendants' Motion to Dismiss Amended Complaint (the "Motion"). [ECF No. 10]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is granted.

Plaintiff Karen Jarquinn brought this action against Defendants Naftali, Inc., and Yosef Naftali, alleging national origin discrimination and religious discrimination under the Florida Civil Rights Act, Fla. Stat. §§ 760.01–760.11 (the "FCRA"), and unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201–19 (the "FLSA"). Compl. ¶ 1, [ECF No. 8]. Plaintiff claims that Defendant Yosef Naftali terminated her because she is non-Jewish and Hispanic. *Id.* ¶ 13. On September 9, 2019, Defendants filed a Motion to Dismiss, arguing that (1) Plaintiff fails to state a claim for discrimination under the FCRA and that (2) Plaintiff fails to sufficiently allege she is covered under the FLSA.

The Court analyzes Plaintiff's claims under the FCRA using the standards outlined in federal case law regarding Title VII. *See Albra v. Advan, Inc.*, 490 F.3d 826, 834 (11th Cir. 2007) (holding Title VII case law is applicable to construe FCRA). Plaintiff's Complaint fails to "provide enough factual matter to plausibly suggest intentional discrimination" based on either Plaintiff's

national origin or religion. *Evans v. Georgia Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir.), *cert. denied*, 138 S. Ct. 557, 199 L. Ed. 2d 446 (2017). Specifically, Plaintiff's Complaint provides no "detail[] [of] the events leading up to her termination," *see Masias v. Redland Christian Migrant Ass'n, Inc.*, No. 10-22016-CIV, 2010 WL 11602010, at *3 (S.D. Fla. Oct. 12, 2010), and fails to factually allege how she and the employee who replaced her are "similarly situated in all relevant respects." *Cid v. City of Miramar*, No. 16-CV-60844, 2016 WL 4264053, at *3 (S.D. Fla. Aug. 12, 2016) (citation omitted).

Plaintiff also insufficiently alleges a claim under the FLSA because her Complaint fails to demonstrate the "jurisdictional prerequisite of 'interstate commerce'" through either "enterprise coverage or individual coverage." *Dimingo v. Midnight Express, Inc.*, 2018 WL 770478, at *2 (S.D. Fla. Jan. 16, 2018) (quoting *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011)). Plaintiff's Complaint contains insufficient allegations of either form of coverage. Although Plaintiff alleges that Defendants employed her as an "Assistant Warehouse Manager" and that both Plaintiff and Defendants were "engaged in commerce," Compl. ¶¶ 7–9 & 11, Plaintiff's Complaint "provides no factual allegations about the nature of [Plaintiff's] work or the nature of [Defendants'] business." *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1377 (S.D. Fla. 2012).

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss [ECF No. 10] is **GRANTED**; Plaintiff's Amended Complaint [ECF No. 8] is **DISMISSED WITHOUT PREJUDICE**; and this action shall be **CLOSED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of December, 2019.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE